**SO ORDERED.**

**SIGNED this 26 day of June, 2006.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**MIRACLE CHRISTIAN INTERNATIONAL LIFE CENTER**

      Debtor.                                        **Case No. 06-01035-8-JRL**
                                                                  **Chapter 11**

_____

**ORDER**

      This matter is before the court on the debtor's motion to reimburse principals for advances. On June 20, 2006, the court conducted a hearing in Wilson, North Carolina.

      The debtor filed its Chapter 11 petition on April 5, 2006. Prior to filing, the debtor was awarded a reimbursement grant by the North Carolina Department of Health and Human Services for community projects. Under the terms of the grant, the debtor expends its own funds for a project and submits a contract reimbursement report, which must be approved by the state. If approved, the debtor will receive the funds associated with the report. The debtor in this case filed one report before the petition date and

three reports post-petition. Funds were tendered to the debtor with respect to the prepetition report and two of the post-petition reports.

The debtor asserts that its principals, Reverend and Mrs. Suggs, advanced the funds for the project under the grant so they should be reimbursed from the tendered grant funds. The bankruptcy administrator objects on the basis that the debtor's principals are creditors and will be paid in the course of the debtor's reorganization like all other creditors. At the hearing, debtor's counsel argued that under the grant, the reimbursement funds are held in trust for those who made expenditures for the benefit of the community project.

While it is true that property held by a debtor in trust for another is not property of the estate, the court has reviewed the grant and finds no language to support the debtor's assertion that a trust was created for the benefit of the debtor's principals. See Begier v. Internal Revenue Service, 496 U.S. 53, 59 (1990). The North Carolina Department of Health and Human Services reimbursed the debtor according to its submitted reports and the debtor was under no further obligations with regard to the reimbursements.

The debtor observed at the hearing that the grant provides a salary for the program director, Reverend Suggs. The bankruptcy administrator stated that she would have no objection if the debtor's principals amended their application for compensation[1] to reflect the grant salary from the petition date. The contract reimbursement report submitted for April 2006 shows that the director is entitled to a salary in the amount of $500.

---

[1] On April 25, 2006, the court approved an application for employment filed by the Reverend and Mrs. Suggs in connection with their work at the debtor's radio station.

Based on the foregoing, the court finds that the debtor's principals are not entitled to a reimbursement of their advances. The grant funds are assets of the estate to be administered for the benefit of creditors under the supervision of the bankruptcy administrator. Any prepetition advances made by the debtor's principals are claims against the estate. The court will allow the statements made at the hearing to serve as an oral modification to the application for compensation filed by the debtor's principals. The director of the grant program is entitled to a $500 salary for April 2006 and a reasonable salary for May and June 2006 based on the contract reimbursement reports submitted for those months. The director's salary will be paid using the grant funds. Accordingly, the debtor's motion is denied.

"End of Document"